### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-21914-DPG

OSVALDO OJITO,
ROBERT CUMMINGS,
RAFAEL CRUZ-MUNOZ, and
EDUARDO BENEDETTI,

      Plaintiffs,

v.

RAYMOND GLOBAL, INC.,

      Defendant.

_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, RAYMOND GLOBAL, INC. ("Defendant"), hereby files its Answer and Affirmative Defenses to the Complaint filed by Plaintiffs, OSVALDO OJITO ("Plaintiff Ojito"), ROBERT CUMMINGS ("Plaintiff Cummings"), RAFAEL CRUZ-MUNOZ ("Plaintiff Cruz-Munoz"), and EDUARDO BENEDETTI ("Plaintiff Benedetti") (collectively, "Plaintiffs"), and in support thereof states as follows:

### ANSWER

In response to the unnumbered paragraph preceding the paragraph titled "Nature of Action," Defendant admits that Plaintiffs, through their counsel, sue Defendant but denies that Plaintiffs' claims have any merit, Plaintiffs have suffered any harm for which Defendant is liable, and Plaintiffs are entitled to any relief from Defendant.

In response to the unnumbered paragraph preceding paragraph 1 of the Complaint, Defendant admits that Plaintiffs seek to recover purported damages arising from alleged violations of the Florida Whistleblower Act ("FWA"), the Florida Civil Rights Act of 1992 ("FCRA"), and

the Age Discrimination in Employment Act of 1967 ("ADEA") but denies that Plaintiffs' claims have any merit, Plaintiffs have suffered any harm for which Defendant is liable, and Plaintiffs are entitled to any relief from Defendant.

1.    Defendant admits that this Court has original jurisdiction over Plaintiffs' ADEA claims. Defendant denies all other allegations.

2.    Defendant admits that this Court has original jurisdiction over these claims based on diversity jurisdiction. Defendant denies all other allegations.

3.    Defendant admits that this Court has supplemental jurisdiction over Plaintiff's FWA and FCRA claims. Defendant denies all other allegations.

4.    Defendant admits that venue is proper in the Southern District of Florida. Defendant denies all other allegations.

5.    Defendant is without sufficient knowledge to admit or deny these allegations.

6.    Defendant is without sufficient knowledge to admit or deny these allegations.

7.    Defendant is without sufficient knowledge to admit or deny these allegations.

8.    Defendant is without sufficient knowledge to admit or deny these allegations.

9.    Defendant admits it is a Georgia for-profit corporation formerly known as Raymond Engineering-Georgia, Inc. Defendant denies all other allegations.

10.    Denied.

11.    Admitted.

12.    Defendant is without sufficient knowledge to admit or deny the date of receipt. Therefore, Defendant denies these allegations.

13.    Defendant is without sufficient knowledge to admit or deny these allegations. Therefore, Defendant denies these allegations.

14.    Denied.

15.    Admitted except for "building administration," which is denied.

16.    Denied.

17.    Admitted.

18.    Admitted that Defendant hired Plaintiff Ojito to serve as Vice President of Operations in the Miami Office. All other allegations are denied.

19.    Denied.

20.    Admitted that Defendant hired Plaintiff Cruz-Munoz to serve as a Senior Architect in the Miami Office. All other allegations are denied.

21.    Admitted that Defendant hired Plaintiff Benedetti to serve as a Senior Mechanical Engineer in the Miami Office. Defendant denies all other allegations.

22.    Admitted that Plaintiff Cummings served as a Project Manager in the Miami Office at the time that Defendant closed the Miami office. Defendant is without sufficient knowledge to admit or deny whether Plaintiff Cummings is a service-connected disabled veteran. All other allegations are denied.

23.    Admitted.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Defendant states statutes and regulations speak for themselves.  All allegations are denied.

30. Denied.

31. Denied.

32. Denied.

33. Defendant admits that during the relevant time period, it held a Service Disabled Veteran Owned Small Business ("SDVOSB") certification. All other allegations are denied.

34. Defendant states statutes and regulations speak for themselves.  All allegations are denied.

35. Defendant states statutes and regulations speak for themselves.  All allegations are denied.

36. Denied.

37. Defendant states statutes and regulations speak for themselves.  All allegations are denied.

38. Denied.

39. Defendant states statutes and regulations speak for themselves.  All allegations are denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Defendant states statutes and regulations speak for themselves.  All allegations are denied.

46. Denied.

47.     Denied.

48.     Denied.

49.     Admitted other than as to the phrase, "during this period," which is denied.

50.     Defendant is without sufficient knowledge to admit or deny these allegations.

51.     Denied.

52.     Denied.

53.     Defendant states writing(s) speak for themselves. All allegations are denied.

54.     Denied.

55.     Defendant states writing(s) speak for themselves(s). All allegations are denied.

56.     Defendant states writing(s) speak for themselves(s). All allegations are denied.

57.     Denied.

58.     Admitted.

59.     Admitted.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Defendant states statutes and regulations speak for themselves.  All allegations are denied.

79.     Denied.

80.     Denied.

81.     Admitted.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Defendant states writing(s) speak for themselves. All allegations are denied.

89.     Defendant states writing(s) speak for themselves. All allegations are denied.

90.     Denied.

91.     Denied.

92.    Denied.

93.    Denied.

94.    Defendant is without sufficient knowledge to admit or deny what Plaintiff Ojito "believed."

95.    Denied.

96.    Denied,

97.    Admitted.

98.    Denied.

99.    Admitted.

100.    Admitted.

101.    Admitted.

102.    Admitted.

103.    Denied.

104.    Denied.

105.    Admitted.

106.    Defendant admits that Plaintiffs were offered severance agreements, which speak for themselves. All other allegations are denied.

107.    Admitted.

108.    Admitted that Plaintiff Ojito stated as such after returning from lunch intoxicated but denied that Defendant was engaging in money laundering.

109.    Denied.

110.    Denied.

111.    Admitted.

112.    Denied.

113.    Denied.

114.    Admitted that only the Miami office was closed in 2024. All other allegations are denied.

115.    Admitted that other locations were not closed in 2024. All other allegations are denied.

116.    Denied.

117.    Defendant is without sufficient knowledge to admit or deny these allegations.

118.    Denied.

119.    Defendant is without sufficient knowledge to admit or deny these allegations.

120.    Denied.

121.    Defendant is without sufficient knowledge to admit or deny what Plaintiff Ojito "discovered. The remainder is admitted except for that it was a "project proposal," which is denied.

122.    Admitted.

123.    Admitted that Plaintiff Ojito's electronic signature was on the qualification packages. All other allegations are denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

## COUNT I – FLORIDA WHISTLEBLOWER ACT
### (MR. OJITO)

130.    Defendant re-affirms and re-avers paragraphs 1 through 129 as if fully stated herein.

131.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 99 as if fully stated herein. Defendant denies these allegations.

132.    Defendant re-affirms and re-avers its answers to paragraphs 100 through 116 as if fully stated herein. Defendant admits the Miami office was closed on February 2, 2024. Defendant denies all other allegations.

133.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 116 as if fully stated herein. Defendant denies these allegations.

134.    Denied.

135.    Denied.

In response to the Wherefore Clause of Count I of the Complaint, Defendant denies all of the allegations contained therein, including that Plaintiff Ojito is entitled to any of the requested relief from Defendant, and demands strict proof thereof.

## COUNT II – FLORIDA WHISTLEBLOWER ACT
### (MR. CRUZ-MUNOZ)

136.    Defendant re-affirms and re-avers paragraphs 1 through 129 as if fully stated herein.

137.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 99 as if fully stated herein. Defendant denies these allegations.

138.    Defendant re-affirms and re-avers its answers to paragraphs 100 through 116 as if fully stated herein. Defendant admits the Miami office was closed on February 2, 2024. Defendant denies all other allegations.

139.     Defendant re-affirms and re-avers its answers to paragraphs 14 through 116 as if fully stated herein. Defendant denies these allegations.

140.     Denied.

141.     Denied.

In response to the Wherefore Clause of Count II of the Complaint, Defendant denies all of the allegations contained therein, including that Plaintiff Cruz-Munoz is entitled to any of the requested relief from Defendant, and demands strict proof thereof.

## COUNT III – FLORIDA WHISTLEBLOWER ACT
### (MR. BENEDETTI)

142.     Defendant re-affirms and re-avers paragraphs 1 through 129 as if fully stated herein.

143.     Defendant re-affirms and re-avers its answers to paragraphs 14 through 99 as if fully stated herein. Defendant denies these allegations.

144.     Defendant re-affirms and re-avers its answers to paragraphs 100 through 116 as if fully stated herein. Defendant admits the Miami office was closed on February 2, 2024. Defendant denies all other allegations.

145.     Defendant re-affirms and re-avers its answers to paragraphs 14 through 116 as if fully stated herein. Defendant denies these allegations.

146.     Denied.

147.     Denied.

148.     Denied

In response to the Wherefore Clause of Count III of the Complaint, Defendant denies all of the allegations contained therein, including that Plaintiff Benedetti is entitled to any of the requested relief from Defendant, and demands strict proof thereof.

## COUNT IV – FLORIDA WHISTLEBLOWER ACT
### (MR. CUMMINGS)

149.    Defendant re-affirms and re-avers paragraphs 1 through 129 as if fully stated herein.

150.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 99 as if fully stated herein. Defendant denies these allegations.

151.    Defendant re-affirms and re-avers its answers to paragraphs 100 through 116 as if fully stated herein. Defendant admits the Miami office was closed on February 2, 2024. Defendant denies all other allegations.

152.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 116 as if fully stated herein. Defendant denies these allegations.

153.    Denied.

154.    Denied.

In response to the Wherefore Clause of Count IV of the Complaint, Defendant denies all of the allegations contained therein, including that Plaintiff Cummings is entitled to any of the requested relief from Defendant, and demands strict proof thereof.

## COUNT V – UNLAWFUL TERMINATION IN VIOLATION OF THE ADEA
### (MR. OJITO)

155.    Defendant re-affirms and re-avers paragraphs 1 through 129 as if fully stated herein.

156.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 25 as if fully stated herein. Defendant admits it employed Plaintiff Ojito. All other allegations are denied.

157.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 25 as if fully stated herein. Defendant admits Plaintiff Ojito was over 40 at the time it closed its Miami Office. All other allegations are denied.

158.     Defendant re-affirms and re-avers its answers to paragraphs 100 through 116 as if fully stated herein. Defendant admits Plaintiff Ojito was terminated on February 2, 2024. All other allegations are denied.

159.     Defendant re-affirms and re-avers its answers to paragraphs 14 through 129 as if fully stated herein. All allegations are denied.

160.     Denied.

161.     Denied.

In response to the Wherefore Clause of Count V of the Complaint, Defendant denies all of the allegations contained therein, including that Plaintiff Ojito is entitled to any of the requested relief from Defendant, and demands strict proof thereof.

## COUNT VI – UNLAWFUL TERMINATION IN VIOLATION OF THE ADEA
### (MR. CRUZ-MUNOZ)

162.     Defendant re-affirms and re-avers paragraphs 1 through 129 as if fully stated herein.

163.     Defendant re-affirms and re-avers its answers to paragraphs 14 through 25 as if fully stated herein. Defendant admits it employed Plaintiff Cruz-Munoz. All other allegations are denied.

164.     Defendant re-affirms and re-avers its answers to paragraphs 14 through 25 as if fully stated herein. Defendant admits Plaintiff Cruz-Munoz was over 40 at the time it closed its Miami Office. All other allegations are denied.

165.     Defendant re-affirms and re-avers its answers to paragraphs 100 through 116 as if fully stated herein. Defendant admits Plaintiff Cruz-Munoz was terminated on February 2, 2024. All other allegations are denied.

166.     Defendant re-affirms and re-avers its answers to paragraphs 14 through 129 as if fully stated herein. All allegations are denied.

167.    Denied.

168.    Denied.

In response to the Wherefore Clause of Count VI of the Complaint, Defendant denies all of the allegations contained therein, including that Plaintiff Cruz-Munoz is entitled to any of the requested relief from Defendant, and demands strict proof thereof.

### COUNT VII – UNLAWFUL TERMINATION IN VIOLATION OF THE ADEA
(MR. BENEDETTI)

169.    Defendant re-affirms and re-avers paragraphs 1 through 129 as if fully stated herein.

170.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 25 as if fully stated herein. Defendant admits it employed Plaintiff Benedetti. All other allegations are denied.

171.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 129 as if fully stated herein. Defendant admits Plaintiff Benedetti was over 40 at the time it closed its Miami Office. All other allegations are denied.

172.    Defendant re-affirms and re-avers its answers to paragraphs 11 0 through 116 as if fully stated herein. Defendant admits Plaintiff Benedetti was terminated on February 2, 2024. All other allegations are denied.

173.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 129 as if fully stated herein. All allegations denied.

174.    Denied.

175.    Denied.

In response to the Wherefore Clause of Count VII of the Complaint, Defendant denies all of the allegations contained therein, including that Plaintiff Benedetti is entitled to any of the requested relief from Defendant, and demands strict proof thereof.

## COUNT VII[1] – UNLAWFUL TERMINATION IN VIOLATION OF THE ADEA
### (MR. CUMMINGS)

176.     Defendant re-affirms and re-avers paragraphs 1 through 129 as if fully stated herein.

177.     Defendant re-affirms and re-avers its answers to paragraphs 14 through 25 as if fully stated herein. Defendant admits it employed Plaintiff Cummings. All other allegations are denied.

178.     Defendant re-affirms and re-avers its answers to paragraphs 14 through 25 as if fully stated herein. Defendant admits Plaintiff Cummings was over 40 at the time it closed its Miami Office. All other allegations are denied.

179.     Defendant re-affirms and re-avers its answers to paragraphs 100 through 116 as if fully stated herein. Defendant admits Plaintiff Cummings was terminated on February 2, 2024. All other allegations are denied.

180.     Defendant re-affirms and re-avers its answers to paragraphs 14 through 129 as if fully stated herein. All allegations are denied.

181.     Denied.

182.     Denied.

In response to the Wherefore Clause of this Count, Defendant denies all of the allegations contained therein, including that Plaintiff Cummings is entitled to any of the requested relief from Defendant, and demands strict proof thereof.

## COUNT VIII[2] – UNLAWFUL TERMINATION IN VIOLATION OF THE FCRA
### (MR. OJITO)

183.     Defendant re-affirms and re-avers paragraphs 1 through 129 as if fully stated herein.

---

[1] This Count is misnumbered.
[2] This Count is misnumbered.

184.     Defendant re-affirms and re-avers its answers to paragraphs 14 through 25 as if fully stated herein. Defendant admits it employed Plaintiff Ojito. All other allegations are denied.

185.     Defendant re-affirms and re-avers its answers to paragraphs 14 through 25 as if fully stated herein. Defendant admits Plaintiff Ojito was over 40 at the time it closed its Miami Office. All other allegations are denied.

186.     Defendant re-affirms and re-avers its answers to paragraphs 100 through 116 as if fully stated herein. Defendant admits Plaintiff Ojito was terminated on February 2, 2024. All other allegations are denied.

187.     Defendant re-affirms and re-avers its answers to paragraphs 14 through 129 as if fully stated herein. All allegations are denied.

188.     Denied.

189.     Denied.

In response to the Wherefore Clause of this Count, Defendant denies all of the allegations contained therein, including that Plaintiff Ojito is entitled to any of the requested relief from Defendant, and demands strict proof thereof.

## COUNT IX[3] – UNLAWFUL TERMINATION IN VIOLATION OF THE FCRA
### (MR. CRUZ-MUNOZ)

190.     Defendant re-affirms and re-avers paragraphs 1 through 129 as if fully stated herein.

191.     Defendant re-affirms and re-avers its answers to paragraphs 14 through 25 as if fully stated herein. Defendant admits it employed Plaintiff Cruz-Munoz. All other allegations are denied.

---

[3] This Count is misnumbered.

192.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 25 as if fully stated herein. Defendant admits Plaintiff Cruz-Munoz was over 40 at the time it closed its Miami Office. All other allegations are denied.

193.    Defendant re-affirms and re-avers its answers to paragraphs 100 through 116 as if fully stated herein. Defendant admits Plaintiff Cruz-Munoz was terminated on February 2, 2024. All other allegations are denied.

194.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 129 as if fully stated herein. All allegations are denied.

195.    Denied.

196.    Denied.

In response to the Wherefore Clause of this Count, Defendant denies all of the allegations contained therein, including that Plaintiff Cruz-Munoz is entitled to any of the requested relief from Defendant, and demands strict proof thereof.

### COUNT X[4] – UNLAWFUL TERMINATION IN VIOLATION OF THE FCRA
(MR. BENEDETTI)

197.    Defendant re-affirms and re-avers paragraphs 1 through 129 as if fully stated herein.

198.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 25 as if fully stated herein. Defendant admits it employed Plaintiff Benedetti. All other allegations are denied.

199.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 25 as if fully stated herein. Defendant admits Plaintiff Benedetti was over 40 at the time it closed its Miami Office. All other allegations are denied.

---

[4] This Count is misnumbered.

200.    Defendant re-affirms and re-avers its answers to paragraphs 100 through 116 as if fully stated herein. Defendant admits Plaintiff Benedetti was terminated on February 2, 2024. All other allegations are denied.

201.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 129 as if fully stated herein. All allegations are denied.

202.    Denied.

203.    Denied.

In response to the Wherefore Clause of this Count, Defendant denies all of the allegations contained therein, including that Plaintiff Benedetti is entitled to any of the requested relief from Defendant, and demands strict proof thereof.

### COUNT XI[5] – UNLAWFUL TERMINATION IN VIOLATION OF THE FCRA
(MR. CUMMINGS)

204.    Defendant re-affirms and re-avers paragraphs 1 through 129 as if fully stated herein.

205.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 25 as if fully stated herein. Defendant admits it employed Plaintiff Cummings. All other allegations are denied.

206.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 25 as if fully stated herein. Defendant admits Plaintiff Cummings was over 40 at the time it closed its Miami Office. All other allegations are denied.

207.    Defendant re-affirms and re-avers its answers to paragraphs 100 through 116 as if fully stated herein. Defendant admits Plaintiff Benedetti was terminated on February 2, 2024. All other allegations are denied.

---

[5] This Count is misnumbered.

208.    Defendant re-affirms and re-avers its answers to paragraphs 14 through 129 as if fully stated herein. All allegations are denied.

209.    Denied.

210.    Denied.

In response to the Wherefore Clause of this Count, Defendant denies all of the allegations contained therein, including that Plaintiff Cummings is entitled to any of the requested relief from Defendant, and demands strict proof thereof.

## DEMAND FOR JURY TRIAL

In response to the Demand for Jury Trial, Defendant acknowledges that Plaintiffs demand a trial by jury.

## GENERAL DENIAL

Defendant denies all allegations, requests for relief, captions, headings, or notes throughout the Complaint that are not specifically admitted by Defendant.

## AFFIRMATIVE DEFENSES AND DEFENSES

Subject to and without waiving the above denials, Defendant alleges the following further and separate affirmative defenses and defenses:

1.    Plaintiffs' claims are barred to the extent Plaintiffs failed to exhaust their administrative remedies and/or failed to satisfy conditions precedent to suit. Any allegations not included in a timely filed charge of discrimination that have now been raised in the Complaint are barred.

2.    Any recovery by Plaintiffs must be reduced, in whole or in part, because and to the extent that Plaintiffs have failed or refused to take reasonable efforts to mitigate their

damages by, among other things, failing to take reasonable steps to secure and retain other employment following their separation from Defendant.

3.      Without assuming liability, Defendant is entitled to an offset against any amounts due (which are denied), in an amount equal to the amount earned by the Plaintiffs in subsequent employment.

4.      Plaintiffs cannot establish that they were qualified for their jobs.

5.      Plaintiffs cannot establish that they were not treated any differently from others who were similarly situated.

6.      Plaintiffs cannot establish that they were replaced by or otherwise lost their jobs to younger individuals.

7.      Plaintiffs cannot establish that they engaged in statutorily protected activity.

8.      Assuming, *arguendo*, that Plaintiffs did engage in statutorily protected activity, Plaintiffs cannot establish the activity was causally connected to the termination of their employment.

9.      All actions taken with regard to Plaintiffs' employment were for legitimate, non-discriminatory, non-retaliatory reasons, and taken in good faith without motive or intent to discriminate or retaliate against Plaintiffs on the basis of their ages or any alleged protected activity.

10.     Plaintiffs cannot establish that their ages were the "*but-for*" cause of any alleged adverse employment action.

11.     Plaintiffs cannot establish that Defendant engaged in a violation of law, rule or regulation.

12.     Assuming, *arguendo*, Defendant had any improper motive toward Plaintiffs, which it did not, Defendant would have made the same decisions with regard to Plaintiffs' employment even in the absence of such a factor.

13.     Defendant has, and at all times relevant had, a well-disseminated and consistently enforced policy prohibiting discrimination and retaliation, as well as a reasonable and available procedure for receiving and investigating complaints of alleged discrimination and retaliation. To the extent Plaintiffs failed to use or otherwise avail themselves of these policies and procedures, their claims are barred.

14.     Defendant has made good faith efforts to prevent discrimination in its workplace and thus, Defendant cannot be liable for the decisions of its agents to the extent the challenged employment decisions were contrary to their efforts to comply with anti-discrimination and anti-retaliation statutes.

15.     Defendant asserts that it is not liable for any alleged wrongful action taken by any of its employees that were taken outside the course and scope of their duties and were not authorized, condoned, or ratified by Defendant.

16.     Plaintiffs' damages, if any, are solely caused by their own actions.

17.     All or part of Plaintiffs' alleged emotional distress was the result of other personal experiences unrelated to the facts and circumstances set forth in the Complaint.

18.     Plaintiffs are not entitled to recover compensatory damages for any type of pain and suffering under the ADEA.

19.     Plaintiffs may not recover liquidated under the ADEA or punitive damages under the FCRA because the alleged violations by Defendant were not willful.

20.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unjust enrichment, unclean hands and/or laches.

21.     To the extent Defendant determines or discovers information that would have led to the termination of Plaintiffs' employment if known earlier, then Plaintiffs' claims for relief are barred and/or potential damages should be reduced pursuant to the after-acquired evidence doctrine.

22.     Plaintiffs' Complaint is without merit such that Defendant is entitled to an award of attorneys' fees and costs for having to defend such an action.

## **<u>RESERVATION OF RIGHTS</u>**

Defendant hereby gives notice that it intends to rely on such other affirmative defenses and defenses as might become available or apparent during the course of discovery, and thus, Defendant reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses and Defenses.

**WHEREFORE,** Defendant, RAYMOND GLOBAL, INC., respectfully requests that the Court enter judgment in their favor, dismissing Plaintiffs' claims with prejudice and awarding Defendant its costs.

Respectfully submitted this 11th day of June 2025.

By:     /s/ Diane P. Perez
        Diane P. Perez, Esq. (41869)
        E-mail: *diane@dianeperezlaw.com*
        **DIANE PEREZ, P.A.**
        1108 Ponce de Leon Blvd.
        Coral Gables, Florida 33134
        Telephone: (305) 985.5676
        Attorney for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 11th, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**<u>Service List</u>**
Ely Gonzalez, Esq.
LAW OFFICE OF ELY GONZALEZ, P.A.
2125 Biscayne Blvd., Suite 346
Miami, FL 33137
Telephone: (305) 645-8971
Primary e-mail: elygonzalez@eglawpa.com
Secondary e-mail: info@eglawpa.com
Attorney for Plaintiffs