UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-21914-DPG

OSVALDO OJITO,
ROBERT CUMMINGS,
RAFAEL CRUZ-MUNOZ, and
EDUARDO BENEDETTI,

        Plaintiff,

v.

RAYMOND GLOBAL, INC.,

        Defendant.
_____/

**DEFENDANT'S MOTION TO COMPEL PLAINTIFFS' RESPONSES TO FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Pursuant to Southern District of Florida Local Rule 26.1(g), Defendant, RAYMOND GLOBAL, INC. ("Defendant"), respectfully moves this Court for an Order compelling Plaintiffs, OSVALDO OJITO ("Plaintiff Ojito"), ROBERT CUMMINGS ("Plaintiff Cummings"), RAFAEL CRUZ-MUNOZ ("Plaintiff Cruz-Munoz") and EDUARDO BENEDETTI ("Plaintiff Ojito") (collectively, "Plaintiffs"), to serve responses to Defendant's First Set of Interrogatories and First Requests for Production of Documents. In support thereof, Defendant states as follows:

**I.    INTRODUCTION**

Defendant recognizes that some (if not all) Plaintiffs are proceeding in this action *pro se* (as further detailed below). Nevertheless, Plaintiffs are required to comply with their discovery obligations. Despite the proper service of written discovery, and numerous communications and attempts to receive responses given the Plaintiffs' *pro se* status,

Plaintiffs have not served any responses or objections to Defendant's First Set of Interrogatories and First Requests for Production of Documents.

## II.     FACTUAL BACKGROUND

1. On October 1, 2025, Defendant served its First Set of Interrogatories and First Requests for Production of Documents through their former counsel, Ely Gonzalez, Esq. ("Mr. Gonzalez").

2. Shortly thereafter, on October 16, 2025, Mr. Gonzalez filed a Motion to Withdraw as Counsel for Plaintiffs [ECF No. 13], which the Court granted on October 24, 2025. [ECF No. 14].

3. Because none of the four Plaintiffs had retained new counsel after the withdrawal of Mr. Gonzalez, Defendant's counsel e-mailed each of the four Plaintiffs on November 7, 2025, to inquire about the status of receiving their discovery responses. In an abundance of caution, given the discovery requests had been served prior to Mr. Gonzalez's withdrawal, Defendant's counsel re-served the discovery requests on Plaintiffs via e-mail. None of the four Plaintiffs responded to the e-mail.

4. Defendant's counsel followed up again with the four *pro se* Plaintiffs on November 19, 2025. None of the four Plaintiffs responded, but on November 26, 2025, an attorney named Frank Rodriguez, Esq. ("Mr. Rodriguez") e-mailed the undersigned counsel informing her that he had been retained by two of the four *pro se* Plaintiffs, Plaintiff Ojito and Plaintiff Cummings, to represent them in this action[1] and requested until January

---

[1] Later, Mr. Rodriguez informed the undersigned counsel that while he did not represent the other two individual Plaintiffs, he had been authorized by them to represent them with regard to informal settlement communications only.

15, 2026 to submit written responses while he got up to speed on the case. The undersigned agreed with the requested extension.

5. The January 15, 2026, agreed to deadline expired and no objections or responses were ever received from Mr. Rodriguez. Mr. Rodriguez did not request any additional extensions or file a motion with the Court.

6. On February 4, 2026, Mr. Rodriguez communicated with the undersigned counsel that he would NOT be making an appearance on behalf of Plaintiff Ojito and Plaintiff Cummings in this case because the two would be filing dismissals of action. Attorney Rodriguez represented that *pro se* Plaintiff Cruz-Munoz and *pro se* Plaintiff Benedetti would be retaining new counsel and proceeding with their age discrimination claims only.

7. On February 6, 2026, after having a discovery status conference with the Court on February 5, 2026, the undersigned counsel sent a final conferral e-mail to each of the four Plaintiffs about their outstanding discovery responses. As of the date of this conferral e-mail, Plaintiff Ojito and Plaintiff Cummings had taken no steps regarding the dismissal of their claims.

8. In response, Mr. Rodriguez e-mailed the undersigned counsel and directed her to not communicate directly with his clients (despite his prior e-mail in which he stated he would not be making an appearance on their behalf). He also informed the undersigned counsel that Plaintiff Ojito and Plaintiff Cummings would take steps to dismiss their claims by February 9, 2026.

9. To date, no discovery objections or responses have been served by any of the four Plaintiffs.

10. To date, since Mr. Gonzalez's withdrawal, no attorney has made an appearance on behalf of any of the four Plaintiffs in this action.

11. To date, Plaintiff Ojito and Plaintiff Cummings have not taken any steps to have their claims dismissed.

### III. MEMORANDUM OF LAW

#### A. Legal Standard

Federal Rule of Civil Procedure 37(a)(3)(B) and Southern District of Florida Local Rule 26.1(g) authorize a party to move to compel discovery when the opposing party, such as here, fails to answer interrogatories or respond to requests for production. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv)*;* S.D. Fla. L. R. 26.1(g).

#### B. *Pro Se* Litigants Must Comply with Discovery Rules

While courts afford some leniency to litigants proceeding without counsel, it is well established that *pro se* parties are required to follow the Federal Rules of Civil Procedure**,** including discovery obligations.

The Eleventh Circuit has made clear that "[o]nce a *pro se* … litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Accordingly, a *pro se* status does not excuse a party from responding to properly served discovery requests.

Plaintiffs' complete failure to respond to Defendant's interrogatories and requests for production violates Federal Rules of Civil Procedure 33 and 34. Defendant is unable to obtain even basic information necessary to evaluate Plaintiffs' claims and prepare a defense. Defendant has made a good-faith effort to obtain the discovery without Court intervention, keeping in mind the fact the Plaintiffs are appearing *pro se* and Mr. Rodriguez

later represented he would be making an appearance and needed to get up to speed on this case, but has been unable to secure discovery despite multiple attempts.

Defendant does not seek sanctions at this time and instead requests that the Court set a clear deadline for Plaintiffs to provide written responses so that discovery may proceed in an orderly and efficient manner.

## IV. CONCLUSION

*Pro se* Plaintiffs still must comply with discovery. Defendant has shown good cause in the delay in filing this Motion. Defendant respectfully requests that the Court order Plaintiffs to serve responses (with objections waived) to Defendant's discovery requests within fourteen (14) days of the Court's Order and grant any other relief the Court deems just and proper.

**WHEREFORE,** Defendant, RAYMOND GLOBAL, INC., respectfully requests that the Court enter an order requiring that Plaintiffs serve responses to Defendant's First Set of Interrogatories and First Requests for Production within fourteen days of the Court's Order and grant any other relief the Court deems just and proper.

### CERTIFICATE OF COMPLIANCE WITH S.D. Fla. L.R. 7.1(a)(2)

The undersigned counsel certifies that she conferred with Plaintiffs via e-mail on February 6, 2026, but to date, has not received any discovery responses.

Respectfully submitted this 11th day of February 2026.

By:   */s/ Diane P. Perez*
Diane P. Perez, B.C.S. (41869)
DIANE PEREZ, P.A.
100 Almeria Ave., Suite 201
Coral Gables, Florida 33134
Telephone: (305) 985-5676
E-mail: diane@dianeperezlaw.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: */s/ Diane P. Perez*
Diane P. Perez, B.C.S. (41869)

**SERVICE LIST**

**(VIA E-MAIL)**
Frank Rodriguez, Esq.
Rodriguez, Tramont, Guerra, Nunez, P.A.
2100 Ponce de Leon Blvd, Suite #200
Coral Gables, FL 33134
Telephone: (305) 350-2300
**E-MAIL:** frr@tgn-law.com
*Attorney for Plaintiff Ojito and Plaintiff Cummings*

**(VIA E-MAIL & U.S. MAIL)**
RAFAEL CRUZ-MUNOZ
**E-MAIL**: arquitek@comcast.net
11719 SW 103rd Lane
Miami, Florida 33186

**(VIA E-MAIL & U.S. MAIL)**
EDUARDO BENEDETTI
**E-MAIL**: perimir@gmail.com
1225 Milan Avenue
Coral Gables, Florida 33134